IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:15CR160 |
| v. | District Judge Timothy S. Black |
| | Magistrate Judge Michael J. Newman |
| GARY SWISHER, JR., | |
| Defendant. | |

## REPORT AND RECOMMENDATION[1]

This case came before the undersigned for a plea hearing on December 30, 2015. Assistant United States Attorney Andrew Hunt appeared on behalf of the Government. Attorney Thomas W. Anderson, appointed counsel, appeared on behalf of Defendant. The case was referred to the undersigned for plea proceedings pursuant to Fed. R. Crim. P. 59. Defendant, through counsel, orally consented to proceed before the United States Magistrate Judge.

The undersigned examined Defendant under oath as to his understanding of the Plea Agreement, which he acknowledged in open court, and his understanding regarding the effect of entering a plea pursuant to that Agreement. Having thoroughly conducted that colloquy, the undersigned concludes that Defendant fully understands the rights waived by entering a guilty plea, and is fully competent to enter a guilty plea.

Accordingly, the Magistrate Judge concludes that Defendant's guilty plea to Count Three of the Indictment dated April 21, 2010, is a knowing, intelligent and voluntary plea. The Court also concludes that the Statement of Facts made a part of the Plea Agreement, the truth of which Defendant acknowledged in open court, provides a sufficient factual basis for a finding of guilt

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

on Count Three.  Pursuant to the Plea Agreement, Count One and Count Two will be dismissed by the government at the time of sentencing.

It is therefore respectfully **RECOMMENDED** that: (1) the Court accept Defendant's guilty plea; and (2) he be found guilty as charged in Count Three the Indictment.  Anticipating the District Judge's adoption of this Report and Recommendation, the Magistrate Judge referred Defendant for a pre-sentence investigation, and continued his bond.


January 4, 2016                                                                       s/**Michael J. Newman**
                                                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).